# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Quicken Loans Inc., | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No.: 1:17-cv-02411-JMC |
| Patrick H. Junkins, | ) **FINDINGS OF FACT AND** |
|         Defendant. | ) **CONCLUSIONS OF LAW** |

This action for the foreclosure of a mortgage upon certain real estate in Aiken County, South Carolina, comes before the Court on the Motion for Default Judgment of Foreclosure and Sale filed by Plaintiff Quicken Loans Inc. on January 3, 2018 (ECF No. 11). The Court decides the motion without hearing as permitted by Local Civil Rule 7.08 (D.S.C.). The Court holds that Plaintiff is entitled to foreclosure of the mortgage at issue herein and that the mortgaged property should be sold at a public auction after due advertisement. The Court's holding is based on the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The facts, as set forth by Plaintiff in its Complaint (ECF No. 1) and in the affidavit, declarations, and memorandum of law filed with Plaintiff's Motion for Default Judgment of Foreclosure and Sale (ECF No. 11), are undisputed by the defendants to this action. Defendant Patrick H. Junkins ("Junkins") is in default for failure to respond to the Complaint (*see* ECF No. 10).

2. Plaintiff is a mortgage lending company organized under the laws of the State of Michigan with its principal place of business located in the State of Michigan.

3. Junkins was personally served with a copy of the Complaint at an address in Dallas

County, Texas.

4. The amount in controversy in this matter exceeds the sum of $75,000.00.

5. The real property which is the subject of this foreclosure action (hereafter the "subject property") is located in Aiken County, South Carolina, and is described as follows:

ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND, WITH ANY IMPROVEMENTS THEREON, SITUATE, LYING AND BEING LOCATED FOUR (4) MILES NORTH OF THE TOWN OF JACKSON, IN AIKEN COUNTY, STATE OF SOUTH CAROLINA, CONTAINING 0.9984 ACRES, MORE OR LESS AND BEING SHOWN AND DESIGNATED AS PARCEL D ON A PLAT PREPARED FOR HBC, INC. BY MICHAEL TODD HASS, PLS DATED JULY 28, 2013 AND RECORDED IN PLAT BOOK 57 AT PAGE 943, IN THE OFFICE OF THE RMC FOR AIKEN COUNTY, SOUTH CAROLINA. REFERENCE BEING MADE TO SAID PLAT FOR A MORE COMPLETE AND ACCURATE DESCRIPTION OF SAID PROPERTY.

TOGETHER WITH A TWENTY (20) FOOT INGRESS AND EGRESS EASEMENT FROM MOSSY TREE LANE (S2-2139), ACROSS PARCEL E TO THE ABOVE DESCRIBED PARCEL D, SAID EASEMENT BEING SHOWN ON THE ABOVE REFERENCED PLAT.

Property Address: 220 Mossy Tree Lane
Aiken, SC 29803

TMS# 075-10-02-021

6. Junkins is the owner of the subject property by virtue of a deed dated August 1, 2014, and recorded in the Office of the Register of Deeds for Aiken County on August 1, 2014 in Deed Book RB 4515 at Page 1491.

7. Junkins made, executed, and delivered to Plaintiff a fixed rate promissory note ("Note") dated September 25, 2015, in the principal sum of $119,301.00, payable in monthly installments, with an interest rate of 4.375%. Plaintiff currently has possession of the original Note.

8. The terms of the Note provided that in the event of default in the payment of any monthly installment when due, the holder of the Note could declare immediately due and payable the unpaid principal balance of the Note, all unpaid accrued interest, and all other indebtedness or

charges owed under the Note. The Note provided that interest would continue to accrue after default at the yearly rate of 4.375%.

9. The Note provided that if it should be placed in the hands of an attorney for enforcement, the holder of the Note would be entitled to recover all costs of its enforcement, including a reasonable attorney's fee.

10. In order to secure the payment of the Note according to its terms and conditions, Junkins made, executed, and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Plaintiff, its successors and assigns, a certain real estate mortgage ("Mortgage") covering the subject property and its improvements.

11. The Mortgage was signed, witnessed, and probated on September 25, 2015; thereafter, the Mortgage was recorded in the Office of the Register of Deeds for Aiken County on October 16, 2015, in Mortgage Book RB 4575 at Page 1488.

12. Mortgage Electronic Registration Systems, Inc. assigned the Mortgage to Plaintiff by Assignment of Mortgage dated June 7, 2017 and recorded in the Office of the Register of Deeds for Aiken County on June 20, 2017, in Book RB 4667 at Page 1980.

13. Pursuant to Paragraphs 1 and 22 of the Mortgage, Junkins' failure to make any monthly installment when due under the Note constituted a breach of the Mortgage. Paragraph 22 of the Mortgage provided that in the event of a breach of the Mortgage, Plaintiff could require immediate payment in full of all sums secured by the Mortgage and could foreclose the Mortgage by judicial proceeding.

14. Pursuant to Paragraphs 3 and 5 of the Mortgage, any amounts that Plaintiff advanced on behalf of Junkins for payment of property taxes and property insurance premiums would become additional debt secured by the Mortgage.

15. Paragraph 13 of the Mortgage permitted Plaintiff to charge fees to Junkin's loan account for property inspections and valuations.

16. The Mortgage provided that if it should be placed in the hands of an attorney for foreclosure, all costs of foreclosure, including a reasonable attorney's fee, would become additional debt secured by the Mortgage that Plaintiff would be entitled to recover.

17. By letter dated April 26, 2017, Plaintiff notified Junkins of his right to cure the loan default and warned him that his failure to do so could result in debt acceleration, foreclosure, and sale of the subject property.

18. Junkins failed to cure his loan default.

19. After Junkins failed to cure his loan default, Plaintiff accelerated the loan by declaring immediately due and payable the unpaid principal balance of the Note, all unpaid accrued interest, and all other indebtedness or charges owed under the Note and Mortgage.

20. Junkins has failed to provide payment of the entire debt in full to Plaintiff.

21. According to the Affidavit of Scott Evely filed in support of Plaintiff's Motion for Default Judgment of Foreclosure and Sale, the debt owed to Plaintiff under the Note and Mortgage through January 1, 2108, was as follows:

   (a)   Principal .................................................................................$116,658.16
   (b)   Interest* through January 1, 2018, at 4.375% per annum ............$4,678.52
   (c)   Escrow Advances...................................................................$2,554.02
   (d)   Pro Rata Mortgage Insurance Premium.........................................$159.14
   (e)   Property Preservation and Inspections........................................$2,390.00
   (f)   Pre-acceleration late charges..........................................................$119.15
   **TOTAL.................................................................................$126,558.99**

22. According to the same affidavit, interest accrues on the principal at the rate of $13.98 per day.

23. On September 8, 2017, Plaintiff filed this action to foreclose the Mortgage. (ECF No. 1.)

24. On September 12, 2017, Plaintiff filed a *lis pendens* against the subject property concerning this action in the Office of the Clerk of Court of Aiken County. As of the time of that filing, Plaintiff identified no other liens or interests against the subject property recorded in the Office of the Register of Deeds of Aiken County:

25. In the Complaint, Plaintiff waived its right to a personal judgment against Junkins pursuant to S.C. CODE ANN. §§ 29-3-650 (2012) and 29-3-660 (2012) for any deficiency remaining on the debt after the foreclosure sale of the subject property.

26. Junkins failed to respond to the Complaint within the time period prescribed by the Federal Rules of Civil Procedure, and the Clerk of this Court entered default against him. (ECF No. 10.)

27. According to Plaintiff's counsel, Junkins also failed to respond to the Notice of Foreclosure Intervention served on him and has not communicated to Plaintiff any intention to participate in any foreclosure intervention process as defined by South Carolina Supreme Court Administrative Order 2011-05-02-01.

28. Plaintiff has employed counsel to prosecute this action and has incurred attorney's fees and costs in this action. According to the declaration of Plaintiff's counsel in this action, Plaintiff has incurred attorney's fees in the amount of $7,309.50 and costs in the amount of $988.30 in connection with this action through the date of its Motion for Default Judgment of Foreclosure and Sale.

LEGAL STANDARD

"A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." *Paddock Indus. v. Paddock Pool Constr. Co.*, No. 0:15-cv-03292-JFA, 2015 WL 7184849, at *3 (D.S.C. Nov. 12, 2015).

"An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "The defendant, by his default, admits the plaintiff's well pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established…" *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Thereafter, the court must determine whether the well-pleaded allegations in the complaint support the relief sought in the action. *Id*.

"[W]hile a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." *Paddock Indus.*, 2015 WL 7184849, at *3 (*citing Cement and Concrete Workers Dist. Council Welfare Fund*, 699 F.3d 230, 234 (2d. Cir. 2012)). "Plaintiff must provide an evidentiary basis for the damages sought." *Id.* "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.*

CONCLUSIONS OF LAW

1.   This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332.

2.   Venue in this District is appropriate under 28 U.S.C. § 1391(b)(2) as the subject property is located in this District.

3. This case is appropriately filed in the Aiken Division of this Court as the subject property is located in this Division.

4. The Home Affordable Modification Program does not apply to Junkins's mortgage loan as that program expired on December 31, 2016.

5. Because Junkins failed to respond to the Notice of Foreclosure Intervention within 30 days after Plaintiff served it on him, Plaintiff is entitled to proceed with this foreclosure. *See* South Carolina Supreme Court Administrative Order 2011-05-02-01 ("If within thirty days after having been served with notice of the Mortgagor's rights, the Mortgagor has failed, refused, or voluntarily elected not to participate in any foreclosure intervention process, the Mortgagee, through its attorney, shall certify that fact to the Court, and the foreclosure action may proceed.").

6. Plaintiff has the legal right to enforce the Note because it is the holder of the Note, which is endorsed in blank. S.C. CODE ANN. § 36-3-301 (2015) ("'Person entitled to enforce' an instrument means (i) the holder of the instrument…"); S.C. CODE ANN. § 36-1-201(20) (2013) ("'Holder' means: (A) the person in possession of a negotiable instrument that is payable either to bearer or an identified person that is the person in possession…"); S.C. CODE ANN. § 36-3-205(b) (2012) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.").

7. Because a mortgage automatically follows the promissory note that it secures, and because there is a written and recorded assignment of the Mortgage into Plaintiff, Plaintiff has the legal right to enforce the Mortgage. *See Union Nat'l Bank v. Cook*, 96 S.E. 484, 489 (S.C. 1918) ("The note is the principal and the mortgage is the incident and follows the note in its delivery from one person to another."); *Bank of Am., N.A. v. Draper*, 746 S.E.2d 478, 481 (S.C. Ct. App.

2013)("[T]he assignment of a note secured by a mortgage carries with it an assignment of the mortgage…"); *see also Carpenter v. Longan*, 83 U.S. 271, 275 (1872)("All the authorities agree that the debt is the principal thing and the mortgage an accessory.").

8. The Mortgage evidences and secures the repayment of all money advanced by Plaintiff to, or on behalf of, Junkins.

9. Junkins' loan default constitutes a breach of the Note and Mortgage.

10. The Court concludes that the attorney's fees in the amount of $7,309.50 and costs in the amount of $988.30 incurred by Plaintiff are reasonable in amount and awards them to Plaintiff. "There are six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained." *Blumberg v. Nealco*, 427 S.E.2d 659, 660 (S.C. 1993). The Court finds that the attorney's fees incurred by Plaintiff are reasonable in relation to the services performed in this action. The fees are likewise reasonable based on the time that Plaintiff's counsel necessarily devoted to the representation of Plaintiff during the course of this action. The services of Plaintiff's counsel performed for Plaintiff, which include the number and types of pleadings and documents prepared, the incumbent liabilities, and the difficulties involved in this particular case support the fees awarded. The fees awarded are reasonable given the professional standing of Plaintiff's counsel and their experience in handling foreclosure matters. The fees are also reasonable in light of the fees customarily awarded by this Court for similar services in this locality. Finally, the efforts of Plaintiff's counsel have had the beneficial result of a successful foreclosure of the Mortgage, which further justifies the fee award.

11. "No sale under or by virtue of any mortgage or other instrument in writing intended as security for a debt, conferring a power upon the mortgagee or creditor to sell the mortgaged or pledged property while such power remains of force or has not been revoked by the death of the person executing such mortgage or instrument, shall be valid to pass the title of the land mortgaged unless the debt for which the security is given shall be first established by the judgment of some court of competent jurisdiction…" S.C. CODE ANN. § 29-3-630 (2012).

12. After including the attorney's fees and costs awarded to Plaintiff herein, the total debt due to Plaintiff under the Note and Mortgage as of January 1, 2018, is:

| | | |
|---|---|---|
| (a) | Principal | $116,658.16 |
| (b) | Interest* through January 1, 2018, at 4.375% per annum | $4,678.52 |
| (c) | Escrow Advances | $2,554.02 |
| (d) | Pro Rata Mortgage Insurance Premium | $159.14 |
| (e) | Property Preservation and Inspections | $2,390.00 |
| (f) | Pre-acceleration late charges | $119.15 |
| (g) | Attorney's Fees | $9,326.50 |
| (h) | Costs | $855.00 |
| | **TOTAL** | **$134,856.79** |

13. Plaintiff is entitled to a judgment of foreclosure in the amount of $134,856.79 plus interest of $13.98 per day from January 1, 2018, through the date of entry of this judgment.

14. After entry of this judgment, interest shall accrue on the total judgment amount at the yearly rate of 4.375% per terms of the Note. *Turner Coleman, Inc. v. Ohio Constr. & Eng'g, Inc.*, 272 S.C. 289, 292 (1979) ("Section 34-31-20, fixing the interest rate on money judgments or decrees, applies only in the absence of a written agreement between the parties fixing a different rate of interest.").

15. To satisfy the judgment, the Court orders the subject property to be sold by the United States Marshal or a duly authorized Deputy at a public auction at the Aiken County Courthouse after due advertisement. 28 U.S.C. § 2001(a) ("Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs."); 28 U.S.C. § 2002 ("A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.").

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

16. There is due to Plaintiff on the Note and Mortgage the sum of $134,856.79, plus interest of $13.98 per day from January 1, 2018, through the date of entry of this judgment.

17. The amount due in the preceding paragraph (the "Indebtedness") shall constitute the total judgment debt due to Plaintiff and shall bear interest after the date of the judgment at the yearly rate of 4.375%.

18. To avoid the sale of the subject property, Junkins may, on or before the date of the sale of the subject property, pay to Plaintiff's attorney the amount of the Indebtedness, together with interest, costs, and expenses.

19. Otherwise, the subject property shall be sold by the United States Marshal or a duly authorized Deputy after having been advertised for sale for once a week for four weeks before the sale in <u>Aiken Standard</u>, or any other newspaper regularly issued and of general circulation in Aiken

County, at public auction at the Aiken County Courthouse, South Carolina, on some convenient sales date set by the United States Marshal as stated in a published notice of sale on the following terms:

    a. FOR CASH: The United States Marshal or a duly authorized Deputy shall require an immediate deposit of 5% on the amount bid (in cash or equivalent), the same to be applied on the purchase price only upon compliance with the bid, but in case of non-compliance within 20 days the deposit shall be forfeited and applied to the costs and any surplus, pending further order of the Court.

    b. Interest on the balance of the bid shall be paid through the day of compliance at the Note rate of 4.375%.

    c. The sale shall be subject to the taxes and assessments due on the day of such sale, and existing easements and restrictions of record.

    d. Purchaser shall pay for the preparation of, costs of recording of, and transfer taxes on the deed, as well as any commission on sale or deposit required by the United States Marshal.

    e. Purchaser shall be entitled to possession of the subject property only after Purchaser fully complies with the bid amount and a deed is issued by the United States Marshal.

20. If Plaintiff is the successful bidder at the sale, for a sum not exceeding the amount of costs, expenses, post-judgment interest, and the indebtedness in full, Plaintiff may pay to the United States Marshal only the amount of the costs and expenses of the sale, crediting the balance of the bid on the Indebtedness.

21. In the event that an agent of Plaintiff does not appear at the time of sale, the subject property shall be withdrawn from sale and sold at the next available sales date upon the same terms and conditions as set forth in this Order of Foreclosure and Sale or such terms as may be set forth in a supplemental order.

22. Plaintiff having waived its right to a deficiency judgment, the bidding will not remain open after the date of the sale and compliance with the bid may be made immediately.

23. The United States Marshal or a duly authorized Deputy shall apply the proceeds of the sale as follows:

> First: To the payment of the permitted costs, charges, and expenses of this action.
>
> Next: To the payment to Plaintiff or its attorney, of the amount of Indebtedness and interest, or so much thereof as the purchase money will pay on the same.
>
> Next: Any surplus will be held by the United States Marshal or a duly authorized Deputy pending further order of the Court.

24. Upon full compliance with the terms of sale, the United States Marshal shall convey title in fee simple to the purchaser or his nominee, the purchaser shall be let into possession of the subject property upon production of the United States Marshal's deed, and all persons holding adversely to the purchaser shall be ejected from the subject property by the United States Marshal or Sheriff of Aiken County.

25. After the sale of the subject property, and as soon as the sale by the United States Marshal is complete and has been approved by the Court, Junkins, or other persons in possession, shall move immediately from the subject property and surrender the subject property without damage or vandalism. Upon failure of Junkins, or persons in possession, to vacate the subject property, the United States Marshal or a duly authorized Deputy, or the Sheriff of Aiken County,

is authorized and empowered to enter upon the subject property and evict the occupants therefrom. The United States Marshal or a duly authorized Deputy, or the Sheriff of Aiken County, is also authorized to remove from the subject property any furniture or other possessions of Junkins, or other person in possession, and any interference with the activities of the Marshal shall be treated as contempt of court. However, all valid tenant rights shall be protected pursuant to the Protecting Tenants at Foreclosure Act of 2009.

26. All Defendants named herein, and all persons whosoever claiming under them, are forever barred and foreclosed of all right, title, interest, and equity of redemption in the subject property so sold or any part thereof.

27. Pursuant to S.C. CODE ANN. § 30-9-31 (2017), the deed of conveyance made pursuant to said sale shall be indexed in the grantor index by the Aiken County Register of Deeds in the name of the owner of record of the subject property immediately before execution of the deed, as well as in the name of the United States Marshal who executes such deed as grantor.

28. The Court will retain jurisdiction to do all of the necessary acts incidental to this foreclosure, including, but not limited to, the issuance of a Writ of Assistance and disposing of any surplus funds consistent with the provisions that would be applicable under Rule 71(c) of the South Carolina Rules of Civil Procedure if this case was in state court.

29. The following is a description of the property herein ordered to be sold:

ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND, WITH ANY IMPROVEMENTS THEREON, SITUATE, LYING AND BEING LOCATED FOUR (4) MILES NORTH OF THE TOWN OF JACKSON, IN AIKEN COUNTY, STATE OF SOUTH CAROLINA, CONTAINING 0.9984 ACRES, MORE OR LESS AND BEING SHOWN AND DESIGNATED AS PARCEL D ON A PLAT PREPARED FOR HBC, INC. BY MICHAEL TODD HASS, PLS DATED JULY 28, 2013 AND RECORDED IN PLAT BOOK 57 AT PAGE 943, IN THE OFFICE OF THE RMC FOR AIKEN COUNTY, SOUTH CAROLINA. REFERENCE BEING MADE TO SAID PLAT FOR A MORE COMPLETE AND ACCURATE DESCRIPTION OF SAID PROPERTY.

TOGETHER WITH A TWENTY (20) FOOT INGRESS AND EGRESS EASEMENT FROM MOSSY TREE LANE (S2-2139), ACROSS PARCEL E TO THE ABOVE DESCRIBED PARCEL D, SAID EASEMENT BEING SHOWN ON THE ABOVE REFERENCED PLAT.

This being the same subject property conveyed to Patrick H. Junkins by deed of HBC, Inc., a South Carolina Corporation dated August 1, 2014 and recorded August 1, 2014 in Deed Book RB 4515 at Page 1491 in the Office of Register Deeds for Aiken County.

Property Address:   220 Mossy Tree Lane
                    Aiken, SC 29803

TMS# 075-10-02-021

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 3, 2018
Columbia, South Carolina